## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**NEVILLE A. HUTCHINSON, #43304-083**                                    **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO.  5:07-cv-90-DCB-MTP**

**CONSTANCE REESE, Warden FCI-Yazoo City**                              **RESPONDENT**

### MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner was an inmate at the Federal Correctional Institute, Yazoo City, Mississippi, when he filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  According to Petitioner's notice of a change of address [4] filed June 26, 2007, he has been transferred to a federal detention center in Oakdale, Louisiana.

### Background

Petitioner was convicted of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (1994), by the United States District Court for the Eastern District of Maryland.  Petitioner states that he was sentenced to serve five-years imprisonment within the Bureau of Prisons, followed by four- years of supervised release.  The United States Court of Appeals for the Fourth Circuit affirmed his conviction on July 18, 2002.

Petitioner is claiming that the Bureau of Immigration and Customs Enforcement has incorrectly lodged a detainer against him, causing his current incarceration.  Petitioner alleges that his federal sentence expired on April 25, 2007, and the sole basis for his current imprisonment is the alleged illegal detainer.  Petitioner asserts that his current custody is

unlawful and he is requesting his immediate release from incarceration as relief in this petition.

Analysis

Petitioner Hutchinson seeks to invoke this Court's habeas jurisdiction under 28 U.S.C. § 2241.  "An individual may seek habeas relief under § 2241 if he is in custody under federal authority or for violation of federal law." *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735 (5th Cir.2005)(referencing 28 U.S.C. § 2241(c)).  Petitioner Hutchinson is not attacking his federal conspiracy conviction or the execution thereof, but instead he is challenging his current detention as unlawful.  *See Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir.1976)(sole function of habeas corpus is to grant relief from unlawful imprisonment or custody).  Section 2241 conveys the power to a district court to grant a writ of habeas corpus but limits this authority to the court's respective jurisdiction.[1]

As stated above, at the time Petitioner filed the instant habeas petition, he was housed in the Federal Correctional Institute in Yazoo City, Mississippi, which is located in the Southern District of Mississippi.  However, since that time he has been transferred to a federal detention center in Oakdale, Louisiana, which is no longer within the jurisdiction of this Court.  Likewise, Petitioner's present custodian, the Warden of the federal detention center in Oakdale, Louisiana, is not within this Court's jurisdiction.  "[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001)(*citing Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999)("The district court likewise lacked jurisdiction to entertain Hooker's pleading as a § 2241 petition:  Such a petition must be

---

[1] Title 28 U.S.C. § 2241(a) states "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

2

filed in the district where the prisoner is incarcerated.")); *Story v. Collins*, 920 F.2d 1247,1251 (5th Cir.1991)("If the petitioner is a federal prisoner, . . . the district court still must have jurisdiction over the prisoner or his custodian [to invoke the jurisdictional basis of § 2241].").

Since Petitioner is housed in a district where this Court does not have the "authority to direct the actions of the restraining authority" this Court does not have jurisdiction to address the constitutional issues presented by Petitioner as they relate to his current imprisonment. *Lee,* 244 F.3d at 374 (*quoting Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999)); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494 -95 (1973)("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Consequently, Petitioner Hutchinson cannot maintain this § 2241 habeas petition in this Court, but must pursue such a challenge in the district of his confinement, which is currently the United States District Court for the Western District of Louisiana.

## Conclusion

In sum, this Court does not have jurisdiction to entertain Petitioner's challenge to his current confinement pursuant to 28 U.S.C. § 2241 because he is not incarcerated, nor is his custodian located, within this judicial district. As such, this petition will be dismissed, with prejudice for this Court's lack of jurisdiction and without prejudice in all other respects. *See Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir.2000).

SO ORDERED this the   16th   day of July, 2007.

    s/ David Bramlette
UNITED STATES DISTRICT JUDGE